**No. 3917**

**Second Circuit**

---

### SNYDER OIL COMPANY v. BOWMAN

---

(December 23, 1930. Opinion and Decree.)

---

232

Frank W. Hawthorne and W. Dan Files, of Bastrop, attorneys for plaintiff, appellee.

Edward L. Gladney, Jr., of Bastrop, attorney for defendant, appellant.

ODOM, J.  This is a suit on open account. The Snyder Oil Company conducts a filling station and sells gasoline, oils, automobile accessories, and does repair work.  The defendant was engaged in selling real estate on commission, and had two men working for him, one named Blanchard and one named Prose, each of whom used an automobile.  Defendant instructed the plaintiff to let these men, Blanchard and Prose, have what they needed for their cars and to charge the items purchased and the work done to him.  Between July 4 and November 30, 1928, Blanchard and Prose ran up an account with plaintiff amounting to $257.63 on which defendant paid $63.43 and this suit is for the balance.

The account itself is not disputed by defendant either in his answer or in his oral testimony, and he admits that the account was opened in his name at his request, and that he instructed the plaintiff company to make advances to Blanchard and Prose who were working under him and that he would be responsible for such advances.

But defendant denies liability for the balance due, and sets up as a special defense that on August 16, something over a month after the account was opened, he changed his contract with Blanchard so that he was no longer obligated to pay the expenses of operating his car, and that on that date he notified plaintiff of the new arrangement and specifically told Martin, in the presence of Page, who were in charge of the filling station, that he would not thereafter be responsible for any advances made to Blanchard.  Defendant paid all the indebtedness incurred by Prose and all that incurred by Blanchard up to August 16, the date on which he says he notified plaintiff to cease making the advances.

It is conceded that defendant would be liable for the balance due on the account in the absence of instructions by him to plaintiff to discontinue advances to Blanchard, as plaintiff had a right to assume that the instructions originally given by defendant would stand until notice to the contrary.

Therefore, the defense set up by defendant is special, and the burden was upon him to prove it under the general rule that one who sets up an affirmative defense must establish it.  See La. Digest under the general head "Evidence," vol. 3, sec. 53 et seq., p. 133.

Defendant failed to discharge that burden.  He testified that on August 16 he went to the filling station and found Martin and Page in charge, and that he told Martin that he would no longer be responsible for oil, gasoline, etc., purchased by Blanchard.  His testimony to that effect is uncorroborated.  On the contrary, Martin testified positively that defendant gave him no such instructions.  Defendant testified that Page was present when he gave his instructions to Martin, but Page says that no such instructions were given.

It is in evidence and not disputed that on or about December 1st, after all the items on the account had been charged, defendant wrote the plaintiff company that he would no longer be responsible for any purchases made by Blanchard, and it is shown that after that date whatever indebtedness was incurred by Blanchard was charged to him direct. Up to the time this letter was received, however, whatever was purchased by Blanchard at plaintiff's filling station was charged to Bowman, the defendant, as per original instructions. The testimony shows that, during the period over which this account was run, defendant did on several occasions request plaintiff to so itemize or separate the items purchased by Blanchard and Prose that he could make the proper charges against them; it appearing that Blanchard and Prose were working for defendant selling lots on commission under an arrangement between them by which defendant was to pay half of the expenses of operating the automobiles. Andrews, the bookkeeper, testified that defendant made this request to him, but that he did not at any time say or even suggest that he was not personally responsible for the accounts made by these parties.

On November 13, plaintiff let Blanchard have five casings and tubes valued at $100, and charged the amount to Bowman. At that time Bowman's account was rather large, and, when Blanchard applied for the tubes and casings, Page, who was manager of the filling station, telephoned Turpin, president of the company, and asked for instructions, and Turpin told Page to get in touch with Bowman, who was then at Vicksburg, Miss., and ascertain if Bowman would be responsible for the charge. Page called Bowman over the telephone, and says that Bowman instructed him to let

Blanchard have the casings and the tubes and to charge them to his account. Bowman, on the contrary, says that he did not give such instructions, but merely told Page that he thought Blanchard would pay for them. It is not likely that Page would have let Blanchard have the tubes and casings if Bowman had not instructed him to do so. The purpose of calling Bowman was to find out if he would be responsible for the purchases. The fact that immediately following the telephone conversation Page let Blanchard have them indicates that Page is correct in his statement.

As we have stated, defendant wrote the plaintiff company on or about December 1st that he would not be responsible for further advances to Blanchard. The letter was lost or mislaid and there is testimony that defendant stated in the letter that he would be home at an early date and would straighten matters out, or words to that effect. Defendant was asked about the letter, and he said:

"As I recall the purpose of that letter at that time, I was bringing an action against Blanchard for what he owed me and I wanted to get the amount exactly correct so I would have Mr. Blanchard charged with what he owed. That was the purpose of the letter."

It is not contended that defendant in that letter denied that he was liable for the purchases previously made by Blanchard, and defendant's explanation of the purpose of the letter indicates that he recognized his liability.

Plaintiff made out its case by proving the account. Defendant has failed to make good his special defense.

There was judgment in the district court in favor of plaintiff for the amount sued for. Finding no error in that judgment, we affirm the same, with costs in both courts.